### JOHN A. BERRY *against* JAMES CALLET.

1. The Court of Common Pleas may refuse to enter judgment in attachment on the report of auditors, and may refer the matter back to them if they think that the auditors have made a mistake in law.

2. This court will not grant a *mandamus* to compel the Common Pleas to enter judgment on a report of auditors, while a rule is pending in that court to shew cause why the report should not be set aside.

---

This was an attachment by John A. Berry against James Callet, as an absconding debtor. At the last term of this court, a rule was taken on behalf of G. Cassedy, Esq., one the judges of the Court of Common Pleas of the county of Bergen, to shew cause on the first day of this term, why a *mandamus* should not issue commanding them to render judgment in this cause upon, and according to, the report of the creditors made to them therein. By the return of the Court of Common Pleas to this rule, it appeared that John A. Berry had regularly sued out an attachment against the rights, credits, moneys and effects of James Callet, an absconding debtor. By virtue of this attachment, property to the amount of $2914 was attached; auditors were appointed in the usual manner, to audit and adjust the

accounts of the plaintiff, and of such of the creditors of the absconding debtor as should apply to them for that purpose. On the 12th of January, 1822, the auditors reported to the Court of Common Pleas, that they "found due from the said James Callet to the said John A. Berry the sum of $6656.25, and that they found due from the said James Callet to Stephen V. Boreland $350.87, and to H. E. Haight $543.09. And they further reported, that they found nothing due from the said James Callet to the Mechanics' Bank, J. Delateer, J. B. Maria, E. Millon, G. L. Therott, P. E. Ferevall, David Delapier, John L. and Gabriel F. Duflon, and that the said John A. Berry, Stephen V. Boreland, B. and H. E. Haight, Mechanics' Bank, J. Delatour, J. B. Maria, E. Millon, G. L. Therott, P. E. Ferevall, D. Delapier, John L. and G. Duflon, are the only creditors of James Callet, who applied to them to audit and adjust their demands." Upon the coming in of this report, a rule was taken by Samuel Cassedy, Esq., attorney for the claiming creditors, "to shew cause why the report of auditors should not be set aside, and the claims of the Mechanics' Bank, and John L. and Gabriel Duflon, David Delapier, Peter E. Ferevall, Gabriel L. Therott, Etienne Millon, John B. Maria, and of John Delatour be admitted, and that they take their dividend of the property attached, and that the parties interested have leave to take affidavits." By virtue of this rule, affidavits were taken, by which it appeared that James Callet, the absconding debtor, was indebted to the Mechanics' Bank, John L. and G. Duflon, and the persons above named, in considerable sums of money. And, at the same term, a motion was made by George Cassedy, Esq., attorney for the plaintiff in attachment, for judgment on the report of the said auditors, which motion the court denied, and refused to enter judgment on said report.

It was in this stage of the cause that the rule for a *mandamus* out of this court to the Common Pleas of Bergen, commanding them to enter judgment on the report of auditors, was taken.

And now *Halsey*, in support of the motion for a *man-damus*, said, that the matter in controversy was between the attaching creditor and other pretended creditors; that, at the third term after the issuing of the attachment, he had applied for judgment on the report of auditors; but the pretended creditors, *viz.*, the Mechanics' Bank and others, obtained a rule to set aside the report. The question was, whether the Court of Common Pleas had a right to grant the rule, or whether they ought not to have permitted judgment to have been entered on the auditor's report? He contended, that the Court of Common Pleas had no discretion upon the subject, but were bound by the statute to enter judgment. *Rev. Laws* 315, or *Pat. edition* 298, *sec.* 15. The words of the statute were, "It shall be the duty of the auditors to ascertain the sum due to the plaintiff and each of the creditors, and to make their report thereof in writing under their hands, which report shall be filed by the clerk, and shall, the third term, be made absolute, and judgment entered thereon." The statute gave the court no authority to set the report of auditors aside, nor to refuse to enter judgment thereon when applied for, and, therefore, the *mandamus* ought to be granted.

*Frelinghuysen*, Attorney-General, contra. The court perceive that the object of the application is to control the Court of Common Pleas in the exercise of their power over the report of the auditors. The auditors, by their report, shut out creditors to the amount of $5000, and, upon the coming in of the report, a rule was taken to shew cause why it should not be set aside. The only question was, whether the auditors were subject to no control? or, whether the Court of Common Pleas had a right to investigate the correctness of their proceedings? The auditors can certainly possess no more power than referees have, and I think they possess much less, for they are only to ascertain the sum due to the creditors. But the report of referees may be set

Berry *v.* Callet.

aside by the court, and why may not the report of auditors. It cannot be, that they are the only inferior tribunal without control. But admitting that the auditors possessed the power of determining upon the claims of the creditors, our complaint is, that they rejected our claim, without any evidence that they were incorrect, and without any consideration ; and we came before the Court of Common Pleas to shew that they acted erroneously.

*Hornblower,* on same side. It is a principle, that where a statute gives a summary proceeding without giving the detail, these details must be pursued according to the principles of the common law. This principle is applicable to the proceedings on attachment. The statute does not point out the detail of all the proceedings necessary to be had under it. If, then, these auditors in their proceedings should violate the principles of the common law, there must be a superintending power in the court to correct them. Are these auditors, who are unsworn, and never legal characters, to be above control ? are their decisions final ? They are to audit the claims of all persons who come before them, and if there is a legal objection to these claims, the defendant or his creditors may come before the court to have the report set aside. If the report of auditors was conclusive, the most dangerous consequences to creditors might ensue. These creditors are appointed by the nomination of the plaintiff in attachment, and they are generally his friends, and he might get them to make a report in his favor and reject the claims of other creditors.

Ford, J. Suppose the report of auditors is incorrect, what do you do with it, refer it back ?

*Hornblower.* The court would refer it back to the auditors, to ascertain the amount. But if the court thought

that the claim was not just, they might set the report aside
as to that claim.   I apprehend the court will never say they
have no control over these auditors.

*Halsey* in reply.   The manner in which auditors may be
appointed, has nothing to do with the question before the
court; because, being appointed according to the directions
of the statute, they are presumed to be honest and discreet
men.

It is made the duty of auditors to ascertain the sum due
to each of the creditors.   But how is this to be done?   Cer-
tainly by evidence which will satisfy their consciences.   And
they must investigate the claims of the creditors, otherwise
it might be in the power of a friend of the debtor to manu-
facture debts, or notes, which would absorb the whole of the
absconding debtor's property.   Suppose the notes on which
the claims of these creditors were founded, had been usurious,
or given for a gambling debt, could not the auditors judge
of this, and if they believed it, might they not reject them?
And if they do reject them, the court has no power to set
aside the report, or go into an investigation of it.   The act
says, the report shall be made absolute at the third term;
and the Court of Common Pleas, or any other court, cannot
prevent it.

KIRKPATRICK, C. J.   I can scarcely entertain a doubt,
that the court have a right to open the report of the auditors.
Chief Justice Kinsey, told me that before the revolution,
this court not only stayed the proceedings in attachment,
but actually ordered an issue to try the claim of a creditor,
and took a verdict of a jury upon it, and gave the creditors
liberty to file a plea in the name of the absconding debtor.
However, this case requires a little consideration, and we
will reflect on it.

On a subsequent day, the court said, they were of opinion
that the judges of the Common Pleas, had a right to refer

the matter back to the creditors, if they thought that in making their report they had committed an error or mistake in law. They, therefore, refused the *mandamus*.